No's 22-6177, 22-6199

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

TIMOTHY SEPI,

*Plaintiff-Appellant*,

v.

NETFLIX, INC., ROYAL GOODE PRODUCTIONS LLC,

*Defendant-Appellees*.

WHYTE MONKEE PRODUCTIONS LLC, TIMOTHY SEPI,

*Plaintiff-Appellants*,

v.

NETFLIX, INC., ROYAL GOODE PRODUCTIONS LLC,

*Defendant-Appellees*.

On Appeal from the United States District Court
for the Western District of Oklahoma
No. 5:20-cv-00933-D
Hon. Timothy D. DeGiusti, United States District Judge

## APPELLANTS' REPLY BRIEF

**[FEE-AND-COSTS APPEALS]**

[Oral Argument Requested]

Gregory Keenan
DIGITAL JUSTICE FOUNDATION
81 Stewart Street
Floral Park, New York 11001
(516) 633-2633
Gregory@DigitalJusticeFoundation.org

Andrew Grimm
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(521) 210-2381
Andrew@DigitalJusticeFoundation.org

*Attorneys for Appellants*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................3

SUMMARY OF ARGUMENT ..............................................................5

ARGUMENT .........................................................................................6

I.  THE ANSWERING BRIEF APPEARS TO AGREE THAT THE NECESSITY OF DECIDING THESE FEES-AND-COSTS ISSUES DEPENDS UPON HOW THIS COURT DECIDES THE MERITS APPEAL. ........6

II.  THE ANSWERING BRIEF DOES NOT DEFEND THE REASONABLENESS OF THE $5,500 FOR A DEPOSITION TRANSCRIPT AND VIDEO, AND COSTS CAN BE VACATED ON THOSE GROUNDS ALONE. .........................7

III.  THE ANSWERING BRIEF INVITES THIS COURT TO A DEFENDANT-FRIENDLY PRESUMPTION AND SINGLE-FACTOR APPROACH TO COPYRIGHT FEE-SHIFTING AT ODDS WITH *FOGERTY* AND *KIRTSAENG*. .......................................................................10

A.  The Answering Brief provides no meaningful reason to refrain from adopting the additional factors—the purposes-of-the-Copyright-Act factor and the chilling-effect factor—as part of the law of this Circuit. ......................18

i.  The additional factors were briefed below; were not considered in deciding whether to award fees below; and should be adopted by this Court. ............................19

ii.  If applied on appeal, the additional factors weigh against fees, but they could also be considered by the District Court in the first instance on remand. ...............26

B.  On the most important factor, the Answering Brief bases its arguments on incorrect positions about copyright law. .......27

i.  The Answering Brief is simply incorrect to posit that a copyright registration is a necessary prerequisite to suit..............................................................................27

　　　　ii.　　The Answering Brief overlooks the fact that this case does involve open and novel questions. .........................30

　　A.　　The Answering Brief is wrong on the remaining Fogerty factors. ...................................................................................32

　　　　i.　　Frivolousness .................................................................32

　　　　ii.　　Compensation / Deterrence ..........................................32

　　C.　　The Answering Brief is wrong to think that the majority of factors, including the most important factor, are outweighed here by a single factor. .........................................33

CONCLUSION ....................................................................................................35

CERTIFICATE OF COMPLIANCE ...................................................................36

CERTIFICATE OF SERVICE ...........................................................................37

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Burrell v. Armijo,
603 F.3d 825 (10th Cir. 2010) ........................................................................6

Cantrell Int'l Bhd. of Elec. Workers,
69 F.3d 456 (10th Cir. 1995) ......................................................................7, 9

Community for Creative Non-Violence v. Reid,
490 U.S. 730 (1989) ........................................................................................31

Designworks Homes, Inc. v. Thomson Sailors Homes, L.L.C.,
9 F.4th 961 (8th Cir. 2021) ..................................................................... 11, 22

Faragalla v. Douglas County Sch. Dist.,
411 Fed. Appx. 140 (10th Cir. 2011) .............................................................7

Fogerty v. Fantasy, Inc.,
510 U.S. 517 (1994) .................................... 11, 12, 14, 15, 25, 30, 32

Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC,
139 S. Ct. 881 (2019) .....................................................................................28

Great Plains Real Estate Dev., L.L.C. v. Union Cent. Life Ins. Co.,
536 F.3d 939 (8th Cir. 2008) .........................................................................22

Kirtsaeng v. John Wiley & Sons, Inc.,
579 U.S. 179 (2016) ................................... 11, 12, 13, 14, 15, 24, 25

Lieb v. Topstone Indus., Inc.,
788 F.2d 151 (3d Cir. 1986) .................................................................. 21, 22

Mifflinburg Tel., Inc. v. Criswell,
277 F. Supp. 3d 750 (M.D. Pa. 2017) ..........................................................14

Nelson v. United States,
40 F.4th 1105 (10th Cir. 2022) ....................................................................22

Torres-Negron v. J & N Records, LLC,
504 F.3d 151 (1st Cir. 2007) .........................................................................28

3

<u>Virgin Records Am., Inc. v. Thompson</u>,
    512 F.3d 724 (5th Cir. 2008) ........................................................................12

**Statutes**

17 U.S.C. § 408(a). ......................................................................................28

17 U.S.C. § 410(c) ........................................................................................29

17 U.S.C. § 411(a) ........................................................................................29

28 U.S.C. § 1920 ............................................................................................8

**Other Authorities**

<u>Warhol</u> Supplemental Br..................................................................................30

**Treatises**

Nimmer on Copyright ................................................... 11, 12, 28, 30, 31

**SUMMARY OF ARGUMENT**

I.      The Parties appear to agree that reversal or vacatur in the merits appeal would render the remaining issues raised and disputed in these fee-and-costs appeals unnecessary to decide.

II.     The Answering Brief gives no justification for the taxation of deposition costs of $5,500 for a single deposition, which is well beyond the amount taxed in any of Defendants' authorities.  On that ground alone, this Court can simply vacate the taxed amount as unreasonable.

III.    The Answering Brief proposes a defendant-friendly presumption that has been rejected twice by the Supreme Court and a single-factor theory of fee-shifting that misreads Kirtsaeng.  In actuality, five factors (three Fogerty factors and two additional factors) weigh against fees and only one factor weighs in favor of fees.  On this five-to-one ratio, it was an abuse of discretion to order copyright fee-shifting below.

5

**ARGUMENT**

I.   **THE ANSWERING BRIEF APPEARS TO AGREE THAT THE NECESSITY OF DECIDING THESE FEES-AND-COSTS ISSUES DEPENDS UPON HOW THIS COURT DECIDES THE MERITS APPEAL.**

In the Opening Brief, Appellants asserted that, if this Court reverses or vacates in the related appeal of the District Court's order on summary judgment, No. 22-6086, then the District Court's fee order and costs order could simply be vacated. See Opening Br. 16-17 (Section I); see, e.g., Burrell v. Armijo, 603 F.3d 825, 836 (10th Cir. 2010).

Appellees did not dispute this argument in their Answering Brief. See generally Answering Br. (not disputing or engaging Appellants' argument made in Opening Br. Section I). In this sense, Appellants understand the Parties to agree that "the issues in the related merits appeal are effectively threshold issues for this fee appeal." See Opening Br. 17.

\* \* \* \* \*

The Parties seem to agree that reversal or vacatur in the merits appeal would render the remaining issues raised and disputed in these fee-and-costs appeals unnecessary to decide.

**II.    THE ANSWERING BRIEF DOES NOT DEFEND THE REASONABLENESS OF THE $5,500 FOR A DEPOSITION TRANSCRIPT AND VIDEO, AND COSTS CAN BE VACATED ON THOSE GROUNDS ALONE.**

Admittedly, the amount of costs directly at issue in this appeal is not a large amount, but it's an issue of precedential importance given that Defendants are trying to tax $5,500 for a single deposition (transcript and video), that is well beyond market rates.

Insofar as the Answering Brief doesn't respond on the reasonableness of the *amount*, perhaps the easiest way to address this issue would be to simply hold that the amount is excessive on an as-applied basis, leaving for another day the statutory interpretation question of Tilton's holding.  Either way, this Court should remit the costs amount.

* * * * *

As the Opening Brief discussed, *even if* a category of costs is authorized by the costs statute and *even if* the task is reasonably necessary, the **amount** of costs for that task "**must be reasonable**."  Opening Br. 25 (quoting Faragalla v. Douglas County Sch. Dist., 411 Fed. Appx. 140, 161 (10th Cir. 2011) and Cantrell Int'l Bhd. of Elec. Workers, 69 F.3d 456, 459 (10th Cir. 1995) (en banc)).

Here, **$5,475.95 for a single deposition** ($2,490.95 taxed by District Court Clerk, Fee Add. 1, and $2985.00 taxed by District Court, Fee Add. 17) **is not**

7

**reasonable** because (1) the market rates for deposition-transcript costs are $1,000 *as assessed under Defendants' own cited authorities*, Opening Br. 18 n.2; and (2) the 5.5-times multiplier granted has never been justified, especially *because the very method of videography used is offered for free with the push of the button*.  On these points, the Answering Brief simply doesn't engage.

Instead, the Answering Brief seems to misapprehend the type of objection being lodged and, accordingly, responds to strawman arguments not made.  There are various objections that can be lodged to a category of costs:

- *Statutory Authorization*: A party can object that costs statute, 28 U.S.C. § 1920, doesn't permit a certain type of cost to be taxed.  (This is the type of issue this Court need not decide given the failure to defend on the amount.)

- *Reasonable Necessity*: Separately, a party can object that the task undertaken was not reasonably necessary.  (This argument is *not* made, but this is the strawman argument the Answering Brief responds to.)

- *Reasonable Amount*: Finally, a party can object that the amount spent on the task isn't reasonable, *even if* some amount are costs are authorized and even if the task is reasonably necessary.  (***This*** is the argument made, for which the Answering Brief doesn't engage.)

The essential flaw in the Answering Brief is that it construes this dispute as about the *necessity* of some amount of costs, Answering Br. 30-33, when in actuality the issue raised is about the *reasonableness* of seeking 5.5x what is typical—*without justification*, Opening Br. 25-26.

After all, this Court has made abundantly clear that the *amount* must be reasonable. E.g., Cantrell, 69 F.3d at 459 (10th Cir. 1995) (en banc).

Yet, no justification for the unreasonable amount has been proffered. Spending 5.5x the ordinary amount is not reasonable, *especially* where the videography was available for free at the push of a button. So, no, this dispute is not about whether a videographer was necessary, see Answering Br. 31-32 (citing cases for why they are necessary), but rather it's about whether the Defendants have justified spending thousands of dollars on such videography (well beyond the amount taxed in other cases, even all of the cases that *they* cited).

Defendants can choose deposition-service providers who charge well in excess of market rates. Yet, Cantrell doesn't permit them to pass those premium prices on through cost-shifting.

**III.    THE ANSWERING BRIEF INVITES THIS COURT TO A DEFENDANT-FRIENDLY PRESUMPTION AND SINGLE-FACTOR APPROACH TO COPYRIGHT FEE-SHIFTING AT ODDS WITH <u>FOGERTY</u> AND <u>KIRTSAENG</u>.**

The Opening and Answering Briefs spar over numerous aspects of copyright fee-shifting: additional factors, <u>see</u> Section III.A, *infra*; objective reasonableness, <u>see</u> Section III.B, *infra*; other <u>Fogerty</u> factors, <u>see</u> Section III.C, *infra*; and their relative weight, <u>see</u> Section III.D, *infra*.  Yet, three overarching and fundamental methodological problems pervade the Answering Brief, meriting special attention upfront:

1. The Answering Brief advocates for a "very strong" defendant-friendly presumption in favor of fee-shifting when, in fact, the Supreme Court has expressly rejected this approach.

2. The Answering Brief wrongly advances a single-factor theory of copyright fee-shifting, when, in fact, the Supreme Court has stressed that no single factor is dispositive.

3. The Answering Brief inaccurately suggests the District Court already weighed the factors, when, in fact, the District Court saw no need to weigh them on the view that all factors pointed one way.

Each is addressed in turn.

***First***, Appellees improperly claim that there is a presumption in favor of awarding copyright fees. Answering Br. 12 n.5. They think that, as defendants, they are entitled to a "very strong" presumption in favor of fees. Answering Br. 12 n.5 ("When the prevailing party is the defendant […] the presumption in favor of awarding fees is very strong."). To them, copyright fees are "the rule rather than the exception and [they] should be awarded routinely." Id.

That's ***not*** what the Supreme Court has said.

The Supreme Court's seminal case on copyright fees, Fogerty v. Fantasy, Inc., 510 U.S. 517, 533 (1994), rejected "fees as a matter of course" and "regularly awarded" fees. Id. Then, the Supreme Court doubled down on this rejection in Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1985 (2016). See also 4 NIMMER ON COPYRIGHT § 14.10 n.193 (2022) (explaining that the Supreme Court in Kirtsaeng "reiterated its stance against categorical presumptions" for copyright fees); Designworks Homes, Inc. v. Thomson Sailors Homes, L.L.C., 9 F.4th 961, 965 (8th Cir. 2021) ("*To be sure, the district court was wrong to say that attorney fees 'are the rule rather than the exception and should be awarded routinely'*" in copyright cases.).

Indeed, Kirtsaeng "established a pair of restrictions" regarding copyright fee shifting. 136 S. Ct. at 1985. Appellee's defendant-friendly presumption violates both restrictions in one fell swoop:

11

- <u>First</u>, the Supreme Court has prohibited a presumption in favor of fees.  Indeed any such presumption in favor of fees "would pretermit the exercise" of the district court's discretion.  <u>Fogerty</u>, 510 U.S. at 519.

- <u>Second</u>, the Supreme Court has made clear that "[p]revailing plaintiffs and prevailing defendants are to be treated alike[.]"  <u>Fogerty</u>, 510 U.S. at 534; <u>Kirtsaeng</u>, 136 S. Ct. at 1985 ("may **not** treat prevailing plaintiffs and prevailing defendants differently").

As such, it's head scratching when Appellees argue that: "When the prevailing party is the defendant … the presumption in favor of awarding fees is very strong." Answering Br. 12 n.5.  Such a position is plainly at odds with the "pair of restrictions" regarding copyright fee shifting imposed by the Supreme Court.  <u>Kirtsaeng</u>, 136 S. Ct. at 1985.  There's no presumption in favor of fees—let alone a *defendant-friendly* presumption—given <u>Kirtsaeng</u> and <u>Fogerty</u>.[1]

---

[1] Appellees rely on out-of-Circuit authority, including Fifth Circuit authority in arguing for a presumption-approach. Answering Br. 12 n.5 (citing, <u>e.g.</u>, <u>Virgin Records Am., Inc. v. Thompson</u>, 512 F.3d 724, 726 (5th Cir. 2008)).  Critically, <u>Kirtsaeng</u> considered the Fifth Circuit's approach of "presuming that a prevailing party receives fees" and then rejected it.  <u>Kirtsaeng</u>, 136 S. Ct. at 1984 n.1.  Following <u>Kirtsaeng</u>, the Fifth Circuit's presumption-approach should "now be considered disapproved." 4 NIMMER ON COPYRIGHT § 14.10 (2022).

***Second***, Appellees suggest that a copyright fees analysis can be treated as a single-factor test. But Appellees' single-factor approach is also at odds with the Supreme Court's case law.

The Opening Brief acknowledged that the District Court was within its discretion to find that the motivation factor weighed in favor of fees. Opening Br. 57-60. The Answering Brief runs wild with this concession, arguing that it's "dispositive." Answering Br. 15 ("This alone in [*sic*] dispositive[.]"). Indeed, their central argument regarding fees is that the motivation factor is dispositive here and no other factor need be considered. E.g., Answering Br. 18 ("not necessary for the Court to go beyond Plaintiffs' improper motivation"). Appellees single-factor approach presents several problems.

First, their single-factor approach violates <u>Kirtsaeng</u>. <u>Kirtsaeng</u> commanded that courts give extra-weight to the objective reasonableness factor. <u>Kirtsaeng</u>, 136 S. Ct. 1979, 1983 (2016). But Appellees ask this Court to simply ignore that factor altogether and treat the motivation factor, in isolation, as "dispositive" instead. Answering Br. 15. That's not what <u>Kirtsaeng</u> said. <u>Kirtsaeng</u> made clear that "the court **must** assess whether the other side's position was (un)reasonable." <u>Kirtsaeng</u>, 136 S. Ct. at 1988.

As such, it's just not true when Appellees argue that "it is not necessary for the Court to go beyond Plaintiffs' improper motivation." Answering Br. 18.

13

Indeed, Appellees' single-factor approach asks this Court to simply ignore and give no weight whatsoever to the objective reasonableness factor–a factor which the Supreme Court requires be given "substantial weight." See Kirtsaeng, 136 S. Ct. at 1983.  Yet, Appellees strangely insist that it's "not necessary" to examine that factor here. Answering Br. 18 ("not necessary").

Second, Appellees' single-factor approach violates Fogerty.  In Fogerty, the Supreme Court mandated that "the purposes of the Copyright Act" be considered in a copyright fee analysis.  Fogerty, 510 U.S. at 534 ("such factors may be used to guide courts' discretion, *so long as* such factors are faithful to the purposes of the Copyright Act.").  So, contrary to Appellee's claims, it *is* quite necessary to "go beyond" the motivation factor and it is quite misguided to treat the motivation factor "alone [a]s a proper basis for awarding fees." Answering Br. 10.  Rather, a proper fees analysis must consider the purposes of the Copyright Act.

Appellees cite a non-copyright case to argue that improper motivation factor is dispositive of this appeal.  Answering Br. 15 n.7 (citing Mifflinburg Tel., Inc. v. Criswell, 277 F. Supp. 3d 750, 807-808 (M.D. Pa. 2017)).

But that case is not a copyright case at all—instead dealing with claims, *inter alia*, arising under the Computer Fraud and Abuse Act.  Plainly, Mifflinburg was not applying Section 505 of the Copyright Act or examining a motivation

14

factor in a way "faithful to the purposes of the Copyright Act[.]"  Fogerty, 510 U.S. at 534.

Of course, Appellees are correct that "even a single Fogerty factor *may* support an award of fees."  Answering Br. 15.  In theory, the motivation factor *could* outweigh all the other factors.  And, Kirtsaeng did say that a "court may order fee-shifting because of a party's litigation misconduct[.]" Answering Br. 15 (citing Kirtsaeng, 579 U.S. at 209).  But Kirtsaeng did so in the context of rejecting the Second Circuit's approach of treating one factor–the objective reasonableness factor–as controlling.  136 S. Ct. at 1988 ("objective reasonableness *can be only an important factor* in assessing fee applications—not the controlling one").  Thus, Appellees simply quote Kirtsaeng out of context when suggesting that case supports a single-factor dispositive approach.

Respectfully, this Court should reject Appellees attempts to turn a single factor (and not even the most important factor) of a multi-factor test into a dispositive talisman by treating one factor as dispositive without considering or weighing the other factors.  As with their presumption-approach, Appellees' single-factor approach is also at odds with the Supreme Court's case law.

*Third*, Defendants attempt to improperly rewrite the District Court's order on appeal, injecting a self-serving balancing of factors nowhere made below as their preferred calculation about how to balance the factors.  Ironically, Appellees

15

chastise Appellants for "attempt[ing] to recalibrate how a district court might have re-weighted certain factors" and "offering their preferred calculation on how the district court might have analyzed matters differently[.]" Answering Br. at 26. Yet, it is Appellees who attempt to do their own preferred calculations.

Specifically, Appellees want to treat the motivation factor as dispositive, outweighing all the other factors. Yet notably, District Court did *not* determine that the motivation factor outweighed the other three <u>Fogerty</u> factors. Indeed, the District Court did not weigh the factors *at all*. That's because it found that all the factors weighed in the same direction, so it saw no need to balance the factors against one another. After all, if one is adding up a series of positive numbers, there is no way to yield a negative sum. But if one is adding up a series of positive and negative numbers, the value of each number becomes critical to determining whether the sum is a negative or a positive.

The Opening Brief explained that the factors weighed decisively against a fee award here. Opening Br. 66-67 (three of the four Fogerty factors and two additional factors weigh against ). With the exception of the motivation factor all factors weigh decisively against fees.

* * * * *

There are three key problems with Appellees' approach to copyright fees. First, they say there is a "very strong" presumption in favor of fees. But the

16

Supreme Court has repeatedly prohibited any such presumption. Second, they say a single factor is dispositive of <u>Fogerty</u>'s multi-factor analysis. But the Supreme Court, in <u>Kirtsaeng</u>, rejected such an approach. And, third, they chastise Appellants for rebalancing the factors but then rebalance the factors themselves in the next breath.

**A.**     **The Answering Brief provides no meaningful reason to refrain from adopting the additional factors—the purposes-of-the-Copyright-Act factor and the chilling-effect factor—as part of the law of this Circuit.**

The Opening Brief asked that this Court clarify if two additional factors—the purposes-of-the-Copyright-Act factor and the chilling-effect factor—should be considered when a trial court in this Circuit decides whether to order copyright fee-shifting.    Opening Br. 28-34  (Sections III.A-III.A.i).    Upon deciding these questions, this Court could either remand for application by the District Court, Opening Br. 29, 33, or apply these additional factors here on appeal, Opening Br. 35-41 (Sections III.A.ii-iii).

In response, the Answering Brief gives no meaningful reason not to adopt these factors, but rather resorts to arguments plainly belied by the record.  See Answering Br. 22, 24-26.  The Answering Brief is wrong to say Appellants didn't brief these additional factors below (they did); wrong to say the District Court considered these factors in deciding whether to order fee-shifting (it didn't); and wrong to say that Fogerty and Kirtsaeng do not support consideration of these factors (they do).  See Section III.A.i., *infra*.

Ultimately, the Answering Brief does not dispute that these factors weigh *against* fees here but instead reiterates its unsupported single-factor theory of fee-shifting.  See Section III.A.ii, *infra*.

      i.    <u>The additional factors were briefed below; were not considered in deciding whether to award fees below; and should be adopted by this Court.</u>

The Answering Brief makes three arguments against even considering the additional factors, but they are belied by a review of the record; of the District Court's order; and of the Supreme Court cases:

1. As an initial argument, the Answering Brief posits that the additional factors weren't raised below and so are waived here on appeal, *but, in fact*, Plaintiffs devoted entire sections of their briefing below to the additional factors.

2. Then, the Answering Brief then takes the somewhat inconsistent position that the District Court considered these additional factors, *but, in fact* the District Court did *not* consider them in deciding whether to order fee-shifting.

3. Further, the Answering Brief suggests the additional factors are entirely discretionary in the sense that a district court could simply ignore them even where relevant—*yet* that begs the very question of whether this Court will adopt them as factors in light of <u>Kirtsaeng</u> and <u>Fogerty</u>, as other Courts of Appeals have.

Each of the Answering Brief's argument on whether to consider these factors is addressed in turn.

*First*, the additional factors *were* briefed below.

The Answering Brief says otherwise, positing that the additional factors at issue here on appeal were "never raised in [Plaintiffs'] opposition below[.] Answering Br. 22; id. at 24 ("This argument [on the additional factors] was never raised below and was waived.").

That's plainly false.  Plaintiffs' briefing on fees below is in the appendix.  1 Fee App. 128-154.  A casual glance at the opposition's table of contents shows that the "FOGERTY FACTORS" were briefed in Section I and then the "**ADDITIONAL FACTORS**"—the ones the Answering Brief falsely says were never briefed below— *were* briefed in Section II.  1 Fee. App. 129.

Plaintiffs *did* brief the chilling-effect factor below.  E.g., 1 Fee. App. 147 ("Therefore, courts evaluating copyright fee requests under Section 505 should consider whether awarding copyright fees would have a **'chilling effect'** on smaller artists or impose an 'inequitable burden' on copyright's proverbial starving artist.").  Likewise, Plaintiffs *did* brief the purposes-of-the-Copyright-Act factor below too.  E.g., 1. Fee. App. 150 ("[M]ultiple Courts of Appeals have decided to treat **the purposes of the Copyright Act as an express factor** to be considered[.]").

Thus, the Answering Brief is just demonstrably wrong when it falsely asserts the additional factors weren't briefed below.

***Second***, the District Court did *not* consider these additional factors in deciding whether to *award* copyright fees.

Somewhat in tension with its view that Plaintiffs never briefed the additional factors below, the Answering Brief alternatively argues that the District Court "***did***" consider them nonetheless. Answering Br. 25 ("In any case, the district court **did** carefully consider these [additional] factors as part of its analysis of whether an award of fees was merited, *and if so, in what amount.*" (bold-italics in original)); 25 n.13 (calling a distinction between issue of whether to award fees and issue of amount "illogical").

The Answering Brief's argument is belied by a review of the District Court's fee order. The fee order first considered the Fogerty factors that go into deciding whether to award fees. Fee Add. 5-6 (legal standard), 6-8 (objective-reasonableness factor), 8 (motivation factor), 8 (deterrence/compensation factor). Then, it turned to a consideration of the amount. Fee Add. 9-10 (citing Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986)).

Nowhere did the order ever consider the purposes of the Copyright Act *as a factor*. Fee Add. 5-10. So, the Answering Brief is just simply incorrect that the purposes *factor* was considered. Notably, the District Court did rely upon the Third Circuit's Lieb decision at pincite 156, a rather telling pincite. Fee Add. 9 (citing Lieb at 156).

21

Here's what <u>Lieb</u> says at that pincite: "*Having decided that fees should be awarded*, **the district court must *then* determine what amount is reasonable under the circumstances**. […] **The relative financial strength of the parties is a valid consideration**[.]" 788 F.2d at 156.

<u>Lieb</u> is distinguishing two issues: (1) decision to award fees and (2) amount of fees to award. And, the District Court cited it for the latter issue—the amount—but did not consider the chilling-effect factor in deciding *whether to award fees in the first place*. Notably, <u>Lieb</u> isn't alone in viewing the entitlement to fees and the amount of fees as two different issues.

It's well-established that these are separate issues. <u>See</u>, <u>e.g.</u>, <u>Nelson v. United States</u>, 40 F.4th 1105, 1108 (10th Cir. 2022) (distinguishing issue of "fee amount" from the issue of eligibility for fees); <u>Great Plains Real Estate Dev., L.L.C. v. Union Cent. Life Ins. Co.</u>, 536 F.3d 939, 947 (8th Cir. 2008) (distinguishing issue of "entitlement to attorney fees" from "amount claimed"); <u>Designworks Homes</u>, 9 F.4th 961, 965 n.3 (8th Cir. 2021) (similar).

The Answering Brief calls this distinction of issues "illogical." Answering Br. 25 n.13. Respectfully, no, the Third Circuit, the Eighth Circuit, and this Court, among others, are not being "illogical" when they draw a distinction between the fee-entitlement issue and the fee-amount issue.

22

Rather, the issues are distinct and the fact of the matter is that the District Court considered Lieb for *amount* but never considered the chilling-effect factor as it weighed whether to award copyright fees in the first place. The District Court didn't apply these additional factors below in deciding whether to award fees— likely because this Court has not yet given guidance as to whether they are part of the law of the Tenth Circuit.

In sum, the District Court did *not* consider these additional factors in deciding whether to *award* copyright fees.

***Third***, the rationales in Fogerty and Kirtsaeng indicate that the trial courts *should* consider these additional factors.

The Answering Brief thinks otherwise, arguing that the adoption of these additional factors "would be at odds with Fogerty's instruction that the factors to be applied by a district court are *non-exclusive* and *discretionary*." Answering Br. 22. That doesn't follow.

The fact that Fogerty enumerated "***nonexclusive***" factors supports that this Court may adopt ***additional*** relevant factors—as the Eighth and Ninth Circuits have done. See Opening Br. 28-34. So, the Answering Brief's real argument seems to be that the discretion possessed by trial courts renders the choice of factors discretionary, *i.e.*, voluntary. See Answering Br. 22.

On the Answering Brief's view, even the factors to consider—*i.e.*, the legal standard itself—is discretionary and subject to variance.  Answering Br. 22, 25, 25 n.12.  Yet, that's not what <u>Kirtsaeng</u> says.

<u>Kirtsaeng</u> stresses the importance of predictability and of clarity in governing standards: "Without governing standards or principles, such [fee-shifting] provisions threaten to condone judicial 'whim' or predilection."  579 U.S. at 203.   <u>Kirtsaeng</u> disapproves of discretion leading to an unpredictable legal standard, *i.e.*, disapproves of "utterly freewheeling inquiries [that] often deprive litigants of 'the basic principle of justice that like cases should be decided alike[.]" <u>Id.</u> at 204.

So, a "freewheeling" approach that leaves to a district court what factors are part of the test is at odds with exactly the kind of predictability that <u>Kirtsaeng</u> was at pains to ensure.  Perhaps that's why <u>Kirtsaeng</u> actually encourages courts to consider relevant factors—such as these additional factors—*beyond* the enumerated <u>Fogerty</u> factors when it says that courts "**must** take into account a range of considerations beyond the reasonableness of litigating positions."  579 U.S. at 208.

<u>Fogerty</u> itself similarly supports the application of these additional factors, in different ways.

As for the purposes-of-the-Copyright Act factor, Fogerty noted it is some sense the most fundamental factor: "[S]uch factors may be used to guide courts' discretion, *so long as such factors are faithful to the purposes of the Copyright Act*[.]" 510 U.S. at 534 n.19.

As for the chilling-effects factor, Fogerty was animated by the recognition that "[i]n the copyright context, it has been noted that 'entities which sue for copyright infringement as plaintiffs can run the gamut from corporate behemoths to starving artists; the same is true of prospective copyright infringement defendants.'" Id. at 524.

Both cases are animated by the realization that even moderately high risk could functionally close the courthouse doors to smaller creators. See Kirtsaeng, 579 U.S. at 206 ("[H]igher stakes would provide an incentive—or instead a disincentive—to litigate hinges on a party's attitude toward risk. Is the person risk-preferring or risk-averse—a high-roller or a penny-ante type? […] "[M]ost individuals are risk averse[.]").

In sum, Fogerty or Kirtsaeng indicate that these additional factors can and should be adopted—contrary to the Answering Brief's view.

25

ii. <u>If applied on appeal, the additional factors weigh against fees, but they could also be considered by the District Court in the first instance on remand.</u>

Beyond the Answering Brief's arguments against considering or adopting the additional factors, <u>see</u> Section III.A.i, *supra*, the Answering Brief doesn't meaningfully respond on the substance of these additional factors. <u>See</u> Answering Br. 22-26.

In this regard, its real argument is that these factors would be outweighed (in light of the Answering Brief's novel single-factor theory of copyright fee-shifting discussed and refuted above). <u>See</u> Answering Br. 26 (reiterating position that "even a single factor" can lead to fee-shifting); Section III, *supra*; Yet, regardless, this Court could simply adopt these factors and leave the question of how to weigh them in this case to the District Court.

**B.    On the most important factor, the Answering Brief bases its arguments on incorrect positions about copyright law.**

The Opening Brief explained that the objective-reasonableness factor should weigh against fees here because (1) Mr. Sepi has ample reasonable basis in both fact and law for his claims of copyright infringement.  Opening Br. 42-51 and (2) Mr. Sepi's copyright claims implicated unsettled or open questions of law in this Circuit.  Appellees disagree, but those disagreements rest on misstatements and misunderstandings of law.

    i.   The Answering Brief is simply incorrect to posit that a copyright registration is a necessary prerequisite to suit.

The Opening Brief explained why Mr. Sepi's copyright claims had a reasonable basis in fact and law.  Opening Br. 42-51.  It also explained how "the District Court largely ignored the objectively reasonable factual and legal bases for [Appellants'] copyright claim."  Opening Br. 47.  One such reasonable basis for Appellants' copyright claims was that Mr. Sepi had secured copyright registrations in all eight videos from the U.S. Copyright Office.  Opening Br. 46.

In response, Appellees' Answering Brief attempts to trivialize the significance of these copyright registrations.  Answering Br. 19-20.  But it does so by profoundly misstating the law. Appellees claim that "to file an infringement action, copyright plaintiffs ***must*** secure copyright registrations."  Answering Br. 19 (emphasis in original).  That's demonstrably false.

27

First, the statute expressly permits a plaintiff to initiate a suit for copyright infringement *even if* the registration has been refused by the Copyright Office. Indeed, even if the "registration has been refused, the applicant is **entitled** to institute a civil action for infringement[.]" 17 U.S.C. §411(a).   Second, the Supreme Court has expressly acknowledged the possibility of initiating suit for copyright infringement *even if* the registration has been refused.  Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 889 (2019) (discussing "§411(a)'s second sentence—allowing suit upon refusal of registration").  Third, other courts have also recognized this basic fact about copyright law.  See, e.g., Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 160 (1st Cir. 2007) ("[A]n author whose application for copyright registration has been rejected may still enforce his rights in federal court[.]").[2] And, fourth and finally, there are entire classes of works for which the registration rule simply does not apply at all. 2 NIMMER ON COPYRIGHT § 7.16 (2023) ("The registration requirement is inapplicable under various circumstances.") For example, foreign works are exempt from the registration requirement. Id.

---

[2] An often overlooked or misunderstood aspect of copyright protection is that "an owner's rights exist apart from registration[.]" Fourth Estate, 139 S. Ct. at 887; see also §408(a). That's because "author gains "exclusive rights" in her work immediately upon the work's creation." Fourth Estate, 139 S. Ct. at 887.

28

So Appellee's are just wrong.  It's not true that "to file an infringement action, copyright plaintiffs ***must*** secure copyright registrations."  Answering Br. 19 (emphasis in original).  That's not what the statute says.  Nor is it what the Supreme Court says.  Indeed, had Mr. Sepi's copyright registrations been refused by the Copyright Office he still would have been able to initiate a lawsuit by operation of statute.  17 U.S.C. §411(a).

Appellees' false assumptions about registration and their misunderstanding of copyright law, lead them to improperly discount the value (i.e., the factual and legal significance) of Mr. Sepi's possessing the eight copyright registrations in this case. And, it leads them to falsely claim that "[i]f copyright registrations militated against fee awards, no defendant could ever recover fees."  Answering Br. 17. That hyperbolic concern and Appellees' registration arguments simply rest on a misunderstanding of copyright law.  Regardless, the fact remains that Mr. Sepi's eight copyright registrations provided a factually and legally objectively reasonable basis for his claims here.  17 U.S.C. §410(c) ("prima facie evidence").

ii.  The Answering Brief overlooks the fact that this case does involve open and novel questions.

Appellant's Opening Brief also explained that the objective unreasonableness factor rarely weighs in favor of fees where, as here, the claims implicate novel or open questions of copyright law.  Opening Br. 45; 48-49.  That's because, for purposes of the Copyright Act, "it is peculiarly important that the law's boundaries be demarcated as clearly as possible." Fogerty, 510 U.S. at 519.  Demarcating those boundaries, of course, requires copyright plaintiffs to bring suit in the first place.

In response, Appellees argue that neither the fair use issue nor the work-made-for-hire issue here implicated novel or open questions.  First, regarding fair use, Appellees just *ipse dixit* state that there "is little that is unsettled or unpredictable" about the fair use issue in this case.  Answering Br. 20 n. 8.  But, that's not true.  The boundary lines of fair use are notoriously difficult to discern. 4 NIMMER ON COPYRIGHT §13.05 (2022).  And, at the time of this case, the Supreme Court's clarifications in Warhol had not yet come down.  Whether or not highly commercial uses, like Appellee's constituted fair use was an area of law in flux prior to the Supreme Court's clarification in Warhol.  See generally Warhol Supplemental Br.

Second, regarding work-made-for-hire, it bears emphasizing that neither Appellees, Appellants, nor the District Court below identified any Tenth

30

Circuit authority governing this issue.  So, in this Circuit, work-made-for-hire doctrine is an area of law lacking clear doctrinal demarcations.  Yet Appellees argue that the issues surrounding work-made-for-hire are "hardly unsettled" because of the Supreme Court's decision in Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989).  But, despite resolving a decades long Circuit split– one implicating "four different interpretations" Reid still left much unresolved.  1 NIMMER ON COPYRIGHT §5.03 (2023) ("[N]otwithstanding lip-service to 'Congress' paramount goal in revising the 1976 Act of enhancing predictability and certainty of copyright ownership,' the decision in **Reid leaves the ultimate question of copyright ownership unresolved**."); see also id. (noting the Reid standard "is explicated through reliance on a myriad of factors" and that "**leaves the door open** for future litigants to dispute their status under the general law of agency.").

Regardless, the fact remains that the District Court failed to credit the open and unsettled nature of the legal grounds used to resolve this dispute.  Fee Add. 7 n.3. And, Appellee's Answering Brief does not change the fact that Mr. Sepi's copyright claims implicated unsettled questions of law in this Circuit.  Not does it change the fact that he had a reasonable factual and legal bases for his copyright claims.

31

### A.    The Answering Brief is wrong on the remaining <u>Fogerty</u> factors.

#### i.    Frivolousness

The District Court expressly held that Plaintiffs' copyright claims involving the Funeral Film did "not ris[e] to the level of frivolity[.]"  Fee Add. 7.  And, regarding the claims for the other seven videos, the District Court did not make a finding on the frivolousness factor.  <u>See</u> Fee Add. 6-7.  Thus, the District Court did not find a single claim frivolous.

The Answering Brief provides no reason to override the District Court's finding on frivolousness.  Instead, it simply concedes by saying that "the district court was not required to find that Plaintiffs' claims were frivolous in order to award" copyright fees. Answering Br. 22. As such, the frivolous factor plainly weighs against fee-shifting here.

#### ii.    Compensation / Deterrence

The Answering Brief doesn't identify copyright-specific needs for compensation or deterrence. This factor _can_ support fees but only in "_particular circumstances_" and only where deterring would advance "the purposes of the Copyright Act."  <u>Fogerty</u>, 510 U.S. at 534 n.19.  As discussed, awarding fees against impecunious, smaller artists whose claims implicate unsettled boundaries of copyright law harms those not in the litigation by harming the development of the law and the circumstances weigh against deterrence. Opening Br. 61-65.

**C.    The Answering Brief is wrong to think that the majority of factors, including the most important factor, are outweighed here by a single factor.**

The Opening Brief explained that three of the four <u>Fogerty</u> factors weigh *against* fee-shifting here (and that it was clear factual error and/or legal error to rule otherwise on those factors).  Opening Br. 66-67.  One of those three <u>Fogerty</u> factors—*i.e.*, the objective-reasonableness factor—must be given "substantial weight[.]"  <u>See</u> <u>Kirtsaeng</u>, 579 U.S. at 199.  Accordingly, given that the majority of <u>Fogerty</u> factors and the most important one weigh *against* fee-shifting, the balance of the factors weighs decidedly against copyright fee-shifting.

In addition, *both* additional factors—*i.e.*, the purposes-of-the-Copyright Act factor and the chilling-effect factor—weigh against fees here.  Opening Br. 28-41.  With the additional factors compounded onto the <u>Fogerty</u> factors, five of the six relevant factors weigh *against* an award of fee-shifting here.

The Answering Brief's central response is to ask this Court to simply ignore all of those factors—*i.e.*, to just ignore 5 out of 6 factors.  <u>E.g.</u>, Answering Br. 18 ("*not* necessary for the Court to go beyond Plaintiffs' improper motivation"); <u>id.</u> at 10 (motivation factor "***alone*** is a proper basis for awarding fees").  Yet, the factors are not elements.  And, the Answering Brief never explains why one single factor would outweigh all the other factors, including the weightiest factor.  <u>See generally</u> Answering Br.  It doesn't.

Because three of four <u>Fogerty</u> factors weigh against fees; because the weightiest factor of objective-reasonableness weighs against fees; because both additional factors weigh against fees, a copyright fee award is not proper under Section 505 of the Copyright Act.  Indeed, shifting fees would frustrate rather than promote the purposes of the Copyright Act here.

## CONCLUSION

As the Parties seem to agree, if this Court reverses or vacates in the related merits appeal, No. 22-6086, then the District Court's fee order and costs order can simply be vacated.  <u>See</u> Section I, *supra*.

Alternatively, this Court should reverse the taxation of video-deposition expenses as costs, <u>see</u> Section II, *supra*, and reverse or vacate the fee order as well, <u>see</u> Section III, *supra*.[3]

Date: June 14, 2023                          Respectfully submitted,

                                             */s/ Gregory Keenan*
                                             Gregory Keenan
                                             DIGITAL JUSTICE FOUNDATION
                                             81 Stewart Street
                                             Floral Park, New York 11001
                                             (516) 633-2633
                                             Gregory@DigitalJusticeFoundation.org

                                             *Attorney for Appellants*

---

3 As a further alternative, this Court could clarify that this Circuit will adopt and apply the additional factors.  <u>See</u> Section III.A, *supra*.  Then, given that those factors were not applied below, this Court could remand for their consideration and weighing.

35

## CERTIFICATE OF COMPLIANCE

This Brief contains **5,956** words, excluding the portions excluded from the word count by rule.

This Brief was prepared in Microsoft Word using Times New Roman 14-point font.

Date: June 14, 2023                    Respectfully submitted,


*/s/ Gregory Keenan*
Gregory Keenan

*Attorney for Appellants*

# CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit via submission through the CM/ECF system.

Service upon opposing counsel will be completed via the notice of docket activity sent by the CM/ECF system.

Date: June 14, 2023                    Respectfully submitted,

*/s/ Gregory Keenan*
Gregory Keenan