Nos. 22-6177, 22-6199

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

TIMOTHY SEPI,

Plaintiff-Appellant,

v.

NETFLIX, INC., ROYAL GOODE PRODUCTIONS LLC,

Defendants-Appellees.

WHYTE MONKEE PRODUCTIONS LLC, TIMOTHY SEPI,

Plaintiffs-Appellants,

v.

NETFLIX, INC., ROYAL GOODE PRODUCTIONS LLC,

Defendants-Appellees.

On Appeal from the United States District Court
for the Western District of Oklahoma,
Hon. Timothy D. DeGiusti
No. 5:20-cv-00933-D

## APPELLEES' RESPONSE AND OBJECTION TO APPELLANTS' BILL OF COSTS

Robert H. Rotstein
Emily F. Evitt
Mitchell, Silberberg & Knupp LLP
2049 Century Park East, 18th Floor
Los Angeles, California 90067
Telephone: (310) 312-2000
Email: rxr@msk.com; efe@msk.com

Mack J. Morgan, III
MJMLAW PLLC
6618 N. Hillcrest Ave.
Nichols Hills, Oklahoma 73116
Telephone: (405) 343-7454
Email: mack@mjmlaw.biz

*Attorneys for Defendants-Appellees*

Appellees and Defendants Netflix, Inc. and Royal Goode Productions LLC (collectively, "Appellees") respectfully submit this response and objection to the Bill of Costs filed on April 10, 2024 by Appellants Timothy Sepi and Whyte Monkee Productions LLC ("Appellants") in these consolidated appeals, which concern the district court's awards of attorney's fees and costs to Appellees in connection with a judgment on the merits addressed in a separate appeal.

In the separate appeal on the merits, this Court affirmed the district court's dismissal as to seven out of eight claims, and reversed the district court's judgment as to a single claim, which it ordered remanded to the district court for further proceedings. *See* Case No. 22-6086, Order of March 27, 2024.[1] On March 28, 2024, the Court entered an order in the instant appeals stating that it was "***vacat[ing]*** the awards of attorney fees and costs and remand for further proceedings … following resolution of Plaintiffs' merits case on remand," and that the awards of fees and costs were therefore "reverse[d]" and "remand[ed] for further proceedings." Document No. 010111023401 (the "Order") at 3-4 (emphasis added).

Appellants' Bill of Costs states that "[a]ppellate costs are to be taxed against Appellees because this Court reversed," and cite for this Fed. R. App. P. 39(a)(3). *See* Bill of Costs at 1. But this misapprehends the Federal Rule, which provides that

---

[1] In the related merits appeal, the Court has extended the time for Appellees to petition for rehearing or rehearing *en banc* as to this one claim until April 25, 2024. *See* Case No. 22-6086, Docket No. 11079472.

1

"if a *judgment* is reversed, costs are taxes against the appellee." Fed. R. App. P. 39(a)(3) (emphasis added). The March 28 Order did not purport to reverse a judgment: instead, it stated it was "revers[ing] the awards of attorney fees and costs," and in several instances referred not to reversing but to vacating those awards. Order at 3.

Indeed, the only district court judgment at issue in the Order is the one addressed in the Court's separate ruling on the merits, which held for Appellees on seven of eight claims. And a separate part of Rule 39, uncited by Appellants, provides that where "a judgment is *affirmed in part, reversed in part, modified, or vacated*, costs are taxed *only as the court orders*." Fed. R. App. P. 39(a)(4) (emphasis added); *see City of San Antonio, Texas v. Hotels.com, L. P.*, 593 U.S. 330, 337 (2021) (explaining that "under Rule 39(a)(4), if a district court judgment is affirmed in part and reversed in part, 'costs are taxed only as the court [of appeals] orders'") (brackets in original); *Lincoln v. BNSF Ry. Co.,* 900 F.3d 1166, 1191, 1214 (10th Cir. 2018) (where underlying judgment partially reversed and vacated, quoting Rule 39(a)(4) and emphasizing requirement of a court order to permit taxation); *see also* 16AA Wright & Miller, Fed. Prac. & Proc. Juris. § 3985 (5th ed.) ("If the result on appeal is anything other than a dismissal, reversal or affirmance, then Rule 39 provides no default starting point. Rather, if a judgment is affirmed or reversed in

16466648.1

part, is modified, or is vacated, Rule 39(a)(4) provides that the costs shall be allowed only as ordered by the court.").

The March 28 Order is silent as to any taxation of costs for Appellants. And even were the Court to have ordered *any* costs taxable, an award of appellate costs—let alone a full award—is not appropriate where a district court's judgment has been affirmed for opposing parties on seven out of eight claims. *See City of San Antonio,* 593 U.S. at 337 ("The most natural meaning of [Rule 39(a)(4)] is that a court of appeals *may* apportion costs in accordance with the parties' relative success, so that if, for example, the appellant wins what is essentially a 75% victory, the appellant can be awarded 75% of its costs.") (emphasis added). As the Supreme Court observed, "Rule 39 gives discretion over the allocation of appellate costs to the courts of appeal," *id.* at 338, and an appellate court on a mixed result need not order taxation of any costs at all, or may even award costs to a seemingly non-prevailing party. *See Lincoln,* 900 F.3d at 1191, 1214. Appellees submit that the Court properly exercised its discretion by not ordering taxation of costs for Appellants in connection with the March 28 Order.

Appellees accordingly object to Appellants' Bill of Costs, and respectfully request that pursuant to Fed. R. App. P. 39(a)(4) it be denied in full.

3

DATED: April 24, 2024    Respectfully submitted,

By: /s/ Robert H. Rotstein
    Robert H. Rotstein (CA Bar # 72452)
      Admitted *Pro Hac Vice*
    Emily F. Evitt (CA Bar # 261491)
      Admitted *Pro Hac Vice*
    MITCHELL SILBERBERG & KNUPP LLP
    2049 Century Park East, 18th Floor
    Los Angeles, CA  90067-3120
    (310) 312-2000 – Telephone
    (310) 312-3100 – Facsimile
    rxr@msk.com
    efe@msk.com

    Mack J. Morgan, III (OBA #6397)
    MJMLAW PLLC
    6618 N. Hillcrest Ave.
    Nichols Hills, OK 73116
    (405) 343-7454 - Telephone
    mack@mjmlaw.biz

    *Attorneys for Defendants-Appellees Netflix, Inc. and Royal Goode Productions LLC*

## CERTIFICATE OF COMPLIANCE

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Circuit Rule 32(A), and the typestyle requirements of Fed. R. App. P. 32(a)(6), because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016, Times New Roman 14-point.

I hereby certify, pursuant to 10th Cir. R. 25.5, that all required privacy redactions have been made. I further certify that the electronic submission was scanned for viruses with the most recent version of Windows Defender and is free of viruses.

Dated: April 24, 2024                                                      /s/ Robert H. Rotstein

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system. I certify that counsel for all parties are registered CM/ECF users and that service to Plaintiffs-Appellants will be accomplished by the CM/ECF system.

/s/ Robert H. Rotstein